**Melissa JACOBS, Plaintiff,**

**Douglas S. Anderson, Plaintiff–Appellant,**

v.

**Governor George E. PATAKI, et al., Defendants–Appellees.**

**Docket No. 02–7291.**

United States Court of Appeals, Second Circuit.

June 18, 2003.

Douglas S. Anderson, pro se, Lewiston, NY, for Plaintiff–Appellant.

Jane C. Cameron, Assistant Attorney General, for Eliot Spitzer, Attorney General, and Denise Hartman, Assistant Attorney General, Office of the Attorney General, Buffalo, NY, for State Defendants–Appellees.

Joseph J. Heath, Syracuse, NY, for Defendant–Appellee Haudenosaunee Standing Committee on Burial Rules and Regulations.

Joseph A. Payment, Harter, Secrest & Emery LLP, Rochester, NY, for Defendants–Appellees Kate Bennett and the Rochester Museum and Science Center.

Brian Laudadio (Paul J. Yesawich, III), Harris Beach LLP, Pittsford, NY, for Defendants–Appellees American Rock Salt Company, LLC, the Livingston County Industrial Development Agency, Harris Beach & Wilcox, LLP and Anne Riley, of counsel.

PRESENT: MINER, JACOBS, and CABRANES, Circuit Judges.

### *SUMMARY ORDER*

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 18th day of June, two thousand and three.**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Douglas S. Anderson appeals *pro se* from a judgment entered on January 18, 2002, in the United States District Court for the Western District of New York (Arcara, *J.*), following the court's grant of the defendants' motion for summary judgment. The court construed Anderson's amended complaint as raising a claim under the Native American Grave Protection and Repatriation Act of 1990 ("NAGPRA"), 25 U.S.C. §§ 3001–3013, arising out of the alleged desecration of burial sites located in Hampton Corners in Groveland, New York. The court granted summary judg-

ment to defendants, holding that (1) Anderson failed to show he had standing to bring a NAGPRA claim; (2) Anderson failed to comply with Rule 8 of the Federal Rules of Civil Procedure; and (3) there had been insufficient service of process against several of the defendants.

■■■ Anderson contends on appeal that the United States District Court for the Western District of New York lacked power to adjudicate this action because (1) it is not an Article III court, and (2) the "United States of America" that was granted Article III power in the Constitution is distinct from the "United States" that currently exercises that power. We hold that: (1) it is, *see* U.S. Const. art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time establish."); Act of May 12, 1900, 31 Stat. 175, 175–77 (establishing the Western District of New York); and (2) it is not, *compare* U.S. Const. pmbl. ("We The People of the United States … do ordain and establish this Constitution for the United States of America."), *with id.* art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time establish.").

To the extent Anderson's appellate brief may be construed to raise other issues, we conclude that they lack merit.

For the foregoing reasons, the judgment of the district court is hereby **AF-FIRMED.**